# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

**-vs-**                                     **Case No. 6:09-cv-2021-Orl-28KRS**

**JPM ACCELERATED SERVICES, INC.,**
**et al.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S MOTION TO TRANSFER PROPERTY, DISBURSE FUNDS AND TERMINATE RECEIVERSHIP (Doc. No. 99)** |
| **FILED:** | **July 18, 2011** |

| | |
|---|---|
| **MOTION:** | **RECEIVER'S COUNSEL'S MOTION FOR A FINAL AWARD OF COMPENSATION AND EXPENSES (Doc. No. 100)** |
| **FILED:** | **July 18, 2011** |

**I.  INTRODUCTION.**

Counsel for the Court-appointed Receiver submits that all proceedings regarding the receivership have concluded. He and his counsel ask that the Court approve a final award of

attorneys' fees and expenses, direct the Receiver to transfer any remaining receivership property to the Federal Trade Commission (FTC), and terminate the receivership. Among other documents, the Receiver filed his third and final report regarding the extensive work he and his agents performed with respect to the receivership. Doc. No. 100-1.

The Court previously awarded the Receiver and his counsel a total of $117,720.77, which was 90% of the amount the Court found to be the reasonable attorneys' fees and expenses incurred as of the filing of the compensation motion. Doc. No. 82, 84. The Receiver and his counsel now seek an additional payment of $59,647.15 in fees and $787.55 in expenses. Counsel represent that they have collected a total of $210,479.20 for the receivership estate. Therefore, if the full amount of fees and expenses requested are paid, approximately $23,374.94 will remain to be distributed to the FTC. *See* Doc. No. 100-1 at 23.

**II.     ANALYSIS.**

The Court is familiar with the history of this case and the standard used to determine reasonable attorneys' fees and expenses in receivership matters. Accordingly, I will not repeat that information here.

As to the 10% withheld from the initial motions for compensation, the Court notes that the total reasonable lodestar fees were determined to be $128,736.00, of which $115,862.40 was disbursed. Because the Court has already found this amount to be reasonable, and funds are now available to pay the total reasonable fee, I recommend that the Court authorize the Receiver to disburse $12,873.60, which is the 10% of the reasonable fee previously withheld, as follows: $9,879.45 to the Receiver's firm, RSM McGladrey, Inc. (McGladrey); and, $2,994.15 to Receiver's

counsel, Winderweedle, Haines, Ward & Woodman, P.A. (Winderweedle).  *See* Doc. No. 100-1 at 28.

I have reviewed the time sheets reflecting the work performed by individuals after the dates for which fees were previously awarded, and the affidavits of the Receiver, Attorney Frank Bedell, and CPA Soneet R. Kapila and Attorney Michael Tessitore, both of whom are expert witness.  I find the time expended on the tasks performed to be reasonable in the absence of objection, except for the 1.6 hours worked by paralegal Emmanuel, which work was clerical in nature and is, therefore, not compensable.

The Court has also previously determined the reasonable hourly rate of certain professionals, which rates remain applicable absent evidence to reevaluate them.  *See* Doc. No. 82.  Paul Dumm, a manager in McGladrey's Forensic and Litigation Services Unit, performed work after the last fee application.  Dumm's background and experience, *see* Doc. No. 100-1 at 31, is similar to that of McGladrey manager Kenton Thompson, for whose work the Court previously found a rate of $250.00 per hour to be reasonable.  Therefore, I recommend that the Court find that the requested $250.00 per hour for Dumm's work is also reasonable.

The Receiver also requests $737.00 in fees for the work of "Other Staff."  Doc. No. 100-1 at 5. Because the Court cannot determine which of the work set forth in the time sheet is the work performed by "Other Staff," there is insufficient information to determine whether the hourly rates for the "Other Staff" and the hours worked by the "Other Staff" are reasonable.  Therefore, I recommend that the Court not establish an hourly rate for work performed by the "Other Staff."

The lodestar fee for the work by professionals at McGladrey, less the fees requested for the work of "Other Staff," totals $27,907.00, which is reasonable. *See* Doc. No. 100-1 at 28-29.[1] McGladrey also seeks compensation for expenses in the amount of $787.55. *See id.* at 44. I recommend that the Court find that these expenses were necessarily incurred and should be paid absent objection.

The lodestar fee for work performed by counsel for the Receiver would be $18,235.00.[2] However, the Receiver's counsel seeks an additional fee of only $17,612.00, which is reasonable. *See* Doc. No. 100-2 at 27, 38.

In sum, I recommend that the Court authorize the Receiver to disburse funds to McGladrey and his counsel as follows: $38,574.00 to McGladrey[3] and $20,606.15 to Winderweedle[4]. The remaining funds in the receivership estate should be distributed to the FTC and, thereafter, the receivership should be termination.

## III. RECOMMENDATION.

For the reasons set forth herein, I respectfully recommend that Receiver's Counsel's Motion for a Final Award of Compensation and Expenses, Doc. No. 100, be **GRANTED**. I further

---

[1] Computed as follows: Morrison (38.8 hours x $350.00 per hour = $13,580.00) plus Dumm (6.6 hours x $250.00 per hour = $1,650.00) plus Pierce (3.0 hours x $250.00 per hour = $750.00) plus Muuka (50.7 hours x $135.00 per hour = $6,844.50) plus Ungar (38.5 hours x $125.00 per hour = $4,812.50) totaling $27,907.00. *See, e.g.,* Doc. No. 100-1 at 4-5.

[2] Computed as follows: 52.1 hours of work by Attorney Bedell at $350.00 per hour equals $18,235.00. *See* Doc. No. 100-2 at 32, 34.

[3] Computed as follows: $9,879.45 previously withheld fee plus $27,907.00 fee for work since last fee application plus $787.55 expenses equals $38,574.00.

[4] Computed as follows: $2,994.15 previously withheld fee plus $17,612.00 fee for work since last fee application equals $20,606.15.

recommend that the Court authorize the Receiver to distribute $39,574.00 to McGladrey, $20,606.15 to Winderweedle, and authorize disbursement of any remaining funds in the receivership estate to the FTC. I further recommend that the Court order that following these distributions, the receivership estate be terminated.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 13, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy